NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOSEPH CRANE, | No. C 07-01297 JF (PR) |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |
| v. | |
| M.S. EVANS, Warden, | |
| Respondent. | |

Petitioner, a state prisoner currently incarcerated at High Desert State Prison in Susanville, California, seeks an administrative writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision of the Salinas Valley State Prison ("SVSP") that resulted in the loss of good time credits. Finding the petition stated a cognizable claim under § 2254, the Court ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer, and Petitioner filed a traverse.

**BACKGROUND**

On March 7, 2008, while incarcerated at SVSP, Petitioner was working as a server in the D3 dining hall. Officer Wheeler informed Petitioner that Petitioner could not take food from the dining hall back to his cell, to which Petitioner had responded,

"Ok, boss." (Resp't Ex. 2 at 1.) Later that day, Officer Wheeler discovered that a bucket of concentrated grape juice was missing from the walk-in refrigerator in D3 Dining. Id. When Officer Wheeler asked Petitioner about the missing bucket of juice, Petitioner denied knowing where it was. Id. The bucket later was recovered but the grape juice remained missing. Id. On March 8, 2003, Officer Wheeler found a concealed bag of ice on Petitioner's body during an unclothed body search. Id. Officer Wheeler was informed that earlier that day, prison officials had recovered coffee, tortillas, packages of shelled sunflower seeds, and a large bowl filled with concentrated grape juice, all of which previously had been stored in the D3 dining hall, from Petitioner's cell as a result of a random cell search. Id. at 2. Petitioner then received counseling for taking state food from the dining hall. Petitioner had been counseled for the same reason on February 16, 2003. Petitioner received a CDC Form 115 Rules Violation Report ("RVR"), charging him with stealing state food in violation of 15 Cal. Code Regs. § 3012. Id. at 1.

A disciplinary hearing was held on April 3, 2003. Prior to the hearing, Petitioner was provided with notice of the hearing and of the charges against him. (Resp't Ex. 4 at 1.) Petitioner pled not guilty, but based upon the evidence presented, including Petitioner's own testimony, the RVR, and the receipt for the cell search, Petitioner was found guilty and assessed a thirty day forfeiture of good time credits. Id. at 2. No investigative employee was assigned to Petitioner's case prior to the hearing, and no staff assistant was assigned to Petitioner at the hearing itself. Id. at 1. Petitioner requested that Officer Wheeler be present at the hearing. Id.

As grounds for federal habeas relief and relying upon Wolff v. McDonnell, 418 U.S. 539 (1974), Petitioner alleges four claims based upon an alleged violation of his right to due process. Petitioner filed a state habeas petition in the state superior court which was denied on May 6, 2007. Petitioner then filed a habeas petition in the state appellate court which was denied on June 26, 2006. The state supreme court denied

relief on October 25, 2006.  Petitioner filed the instant federal petition on March 6, 2007.

**DISCUSSION**

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).  A claim which, if successful, would result in the restoration of time credits is properly brought in a habeas proceeding because success on such a claim could result in the inmate's earlier release from prison.

B.   Petitioner's Claims

Petitioner claims that the following due process violations occurred at his disciplinary hearing: 1) he was denied his right to present witnesses in his defense; 2) he was denied his right to an investigative employee "IE"; 3) there was no evidence to support the charge against him; and 4) he had no notice that his alleged conduct amounted to a violation of the rules.  (Pet. 8-16.)  Of these four claims, claims 1 and 3 allege cognizable violations of the right to procedural due process under Wolff, 418 U.S. at 556.

   1.   Federal Due Process Claim

Due process requires five procedural protections in connection with prison disciplinary proceedings that may result in the forfeiture of time credits. Id.  First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  Id. at 564 .  Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]."  Id.  Third, "there must be a 'written statement by the

3

1 factfinders as to the evidence relied on and reasons' for the disciplinary action." <u>Id.</u>
2 (quoting <u>Morrissey v. Brewer</u>, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate facing
3 disciplinary proceedings should be allowed to call witnesses and present documentary
4 evidence in his defense when permitting him to do so will not be unduly hazardous to
5 institutional safety or correctional goals."  <u>Id.</u> at 566.  Fifth, "[w]here an illiterate inmate
6 is involved . . . or where the complexity of the issues makes it unlikely that the inmate
7 will be able to collect and present the evidence necessary for an adequate
8 comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to
9 have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the
10 staff."  <u>Wolff</u>, 418 U.S. at 570.

11      The record reveals, and Petitioner does not dispute, that Petitioner received
12 written notice of the charges more than twenty-four hours prior to the hearing and that
13 there was a written statement as to the findings and reasoning of the disciplinary
14 decision. (Resp't Ex. 4.)  A staff assistant was not assigned at the hearing because
15 Petitioner speaks English and is literate, the issues were not complex, and a confidential
16 relationship was not required.  <u>Id.</u>    With respect to witnesses, the record shows that
17 Petitioner requested two witnesses: Officer Wheeler and another inmate.  <u>Id.</u>  Although
18 Officer Wheeler was not able to be physically present at the hearing, he was made
19 telephonically available through a speaker phone.  <u>Id.</u>  Petitioner had an opportunity to
20 ask questions of Officer Wheeler, but the questions Petitioner asked were disallowed by
21 the senior hearing officer ("SHO") as irrelevant.  <u>Id.</u>  As to his second witness,
22 Petitioner stated that the inmate would give the following testimony: "They strip search
23 us everyday when Officer Wheeler is here."  <u>Id.</u>  Because the SHO stipulated to the
24 testimony, it was not necessary for the inmate to be present at the hearing.  <u>Id.</u>
25 Accordingly, there is no evidence to support petitioner's first claim that he was denied
26 his right to present witnesses.

27      In order for an inmate to be deprived of good time credits as a result of a
28 disciplinary hearing, the findings of the prison disciplinary board must be supported by

4

1  some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). This
2  standard is met if there was some evidence from which the conclusion of the
3  administrative tribunal could be deduced. See id. at 455. An examination of the entire
4  record is not required nor is the reviewing court required to conduct an independent
5  assessment of the credibility of witnesses or weighing of the evidence. See id. The
6  relevant question is whether there is any evidence in the record that could support the
7  conclusion reached by the disciplinary board. See id. The Ninth Circuit also has held
8  that there must be some indicia of reliability of the information that forms the basis for
9  prison disciplinary actions. See Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987).
10 Here, the evidence of Petitioner's guilt consisted of a detailed statement by the reporting
11 officer who had warned Petitioner about stealing state food and who later discovered
12 the hidden bag of ice on Petitioner's body, the receipt from the random cell search
13 listing items taken from the dining hall, and Petitioner's own admission that he "did
14 have some juice in [his] cell but the regular Officer lets us take stuff out." (Resp't Ex. 4
15 at 2.) Accordingly, there was sufficiently reliable evidence to find Petitioner guilty of
16 the charged offense. See Hill, 472 U.S. at 454.

17     Because the procedural protections required by Wolff were met in this case, and
18 because the findings of the disciplinary board were supported by "some evidence," Hill,
19 472 U.S. at 445, there was no violation of Petitioner's federal right to due process.
20 Accordingly, the state courts' denial of this claim was not contrary to, or an
21 unreasonable application of, clearly established Supreme Court precedent, nor was it
22 based on an unreasonable determination of the facts in light of the evidence presented.
23 28 U.S.C. § 2254(d)(1), (2).

24     2.     Right to Investigative Employee

25         Petitioner's second claim is that he was denied his right to an IE to assist
26 him in obtaining evidence that he previously had been allowed to take items from the
27 dining hall. Under Wolff, whether an IE should be appointed depends on whether "an
28 illiterate inmate is involved... or whether the complexity of the issue makes it unlikely

5

1 that the inmate will be able to collect and present the evidence necessary for an
2 adequate comprehension of the case." 418 U.S. at 570.  As noted above, the record
3 shows that Petitioner is not illiterate, that the issues were not complex, and the available
4 information was sufficient to permit the disciplinary board to assess Petitioner's guilt.
5 (Resp't. Ex. 4 at 1.)  Petitioner has failed to demonstrate that he was unable to collect
6 information on his own or that the information he would have obtained through an IE
7 would have been relevant to the disciplinary proceedings.  Whether or not Petitioner
8 previously had been allowed to take items from the dining hall had little or no relevance
9 to whether Petitioner took food by unauthorized means on the occasion in question.

### 3.  Notice under State Law

Petitioner's final claim is that he had no notice that his conduct amounted to a violation of the rules as required by state law.  See Cal. Code Regs. Tit. 15, § 3312(a).  However, the federal Due Process Clause does not require that prisons comply with a state's own, more generous procedures. See Walker v. Sumner, 14 F.3d 1415, 1419-20  (9th Cir. 1994).  Even so, it appears from the record that prison officials did provide discretionary warnings in accordance with state law, and although Petitioner denies that he had been warned about stealing food by Officer Wheeler on March 7, 2003, (Trav. 2), he does not deny having been counseled about similar conduct in February 2003, see *supra* at 2.

### CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED on the merits.  The clerk shall terminate any pending motions and close the file.

IT IS SO ORDERED.

Dated:  1/29/09

JEREMY FOGEL
United States District Judge

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JF\HC.07\Crane297_denyHC-rvr.wpd              6